UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLIFFORD L. BRODY
3715 Brandywine Street NW
Washington, D.C. 20016
202.213.3076
clbrody@clbrody.com

Plaintiff
*pro se*

Public Storage
a Maryland Corporation
701 Western Avenue,
Glendale, California 91201-2349

Ronald L. Havner, Jr.
John Reyes
Joseph D. Russell, Jr.
David F. Doll
Lily Y. Hughes
Candace N. Krol

The preceding six named persons all located at:
701 Western Avenue
Glendale, California 91201-2349

Clinton Markwell
Jeff Clark,
The preceding two named individuals located (by their own declaration) at 5423 Butler Road
Bethesda, MD 20816

Ashley Voli, Esquire and
Lewis Brisbois LLP,
The preceding two persons located at:
400 E Pratt Street, 8th Floor
Baltimore, Maryland 21202
410-779-3910
Defendants

Case: 1:18-cv-01623 Jury Demand
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/10/2018
Description: Pro Se Gen. Civil F Deck

JURY TRIAL DEMANDED

RECEIVED

JUL 1 0 2018

Clerk, U.S. District and
Bankruptcy Courts

## INITIAL COMPLAINT - RICO

Plaintiff Clifford L. Brody for his complaint against Public Storage, a Maryland Corporation, Ronald L. Havner, Jr., John Reyes, Joseph D. Russell, Jr., David F. Doll, Lily Y. Hughes,

1

Candace N. Krol, Clinton Markwell, Jeff Clark, Ashley Voli and Lewis Brisbois LLP (collectively "Defendants") states as follows:

1. This is a complex civil action to recover treble damages, costs, and attorney's fees for violations of the Federal Racketeer Influenced and Corrupt Organizations Acts (see 18 U.S.C. 1961 et seq., the "RICO Act") for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which the Court deems just and proper under all circumstances which have occasioned this Initial Complaint.

2. The primary cause of this action is a widespread criminal enterprise engaged in a pattern of racketeering activity across state lines, and a conspiracy to engage in racketeering activity involving verified numerous RICO predicate acts committed by Defendants during 2017 and 2018, and likely RICO predicate acts in the years preceding affecting hundreds and perhaps thousands of Defendant Public Storage customers in every state where that Defendant does business.

3. The predicate acts alleged here cluster around fraud, illegal seizure of property, false claims of non-payment for services, misuse of Plaintiff funds, misuse of the national payments system, obstruction of defined interstate payment system methods for consumer payments, and intentional bait-and-switch activities involving the use of the national banking system, wire and electronic funds payments systems, and the U.S. mails.

4. Other RICO predicate acts, often considered incidental in so-called civil RICO complaints, were actually an explicit part of the overall conspiracy and pattern of racketeering activity by Defendants alleged herein, e.g. explicit mail fraud, explicit wire fraud, and explicit bank fraud (see 18 U.S.C. §§1341, 1343, 1344, 1346 and 1349 respectively).

5. All individual Defendants named herein did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of this RICO enterprise through a pattern

2

of racketeering activity in violation of 18 U.S.C. §§1961(4), (5), (9), and 1962(c).

6. Beginning in August, 2017 and continuing as of this filing, Defendants separately and then eventually together have engaged and are engaging in an illegal scheme to deprive Plaintiff of financial assets, earnings, property, reputation, and capacity to earn a living and derive future income therefrom, and to defame and libel Plaintiff.

7. The primary objective of the racketeering enterprises has been to inflict severe and sustained economic hardship upon Plaintiff, with the intent of impairing, obstructing, preventing and discouraging Plaintiff from enjoying unrestricted rights to his personal and professional property, of forcing Plaintiff to agree to and condone Defendants' actions and to compensate them for their illegal actions, of impairing his full access to his assets, and of denying Plaintiff's access to his personal and professional property including tools of the trade, all by acts of intentional fraud and deception by Defendants.

8. Defendants' conduct violates the RICO Act, and other federal and state statutes.

## JURISDICTION

9. This Court has original jurisdiction pursuant to the provisions of 18 U.S.C. § 1964.

## VENUE

10. Venue for this action is predicated upon 18 U.S.C. §1965.

## PARTIES AND RELATED NON-PARTIES

### Plaintiff

11. Plaintiff CLIFFORD L. BRODY is an individual who is resident of Washington, D.C. and has been a customer of Public Storage for at least 5 years.

**Defendants**

12. Public Storage is a publicly held corporation incorporated in Maryland and headquartered at 701 Western Avenue, Glendale, California 91201-2349.

13. Defendant RONALD L. HAVNER, JR. has been Chairman and Chief Executive Officer of Public Storage since August 2011.

14. Defendant JOHN REYES has served as Senior Vice President and Chief Financial Officer of Public Storage since 1996, having joined the Company in 1990.

15. Defendant JOSEPH D. RUSSELL, JR. has been President of Public Storage since July 2016.

16. Defendant DAVID F. DOLL has served as Public Storage Senior Vice President and President, Real Estate Group, since February 2005.

17. Defendant LILY Y. HUGHES is Public Storage Senior Vice President, Chief Legal Officer and Corporate Secretary.

18. Defendant CANDACE N. KROL serves as Senior Vice President and Chief Human Resources Officer of Public Storage.

19. Defendant CLINTON MARKWELL is Public Storage Senior District Manager, and is located at Public Storage regional offices at Silver Spring, Maryland.

20. Defendant JEFF CLARK is Public Storage Regional Vice President, and is located at Public Storage regional offices at Silver Spring, Maryland.

21. Defendant Ashley Voli is an attorney employed by Lewis Brisbois LLP, 400 E. Pratt Street, Baltimore, Maryland 21202 whose firm represents one or more of the above-named Defendants and who has affixed her name to one or more court filings at the District and Circuit Courts of Maryland in Montgomery County, Maryland on behalf of and at the instruction of Public Storage and Defendants Jeff Clark and Clinton Markwell.

22. Defendant Lewis Brisbois LLP, 400 E. Pratt Street, Baltimore, Maryland 21202, 400 E. Pratt Street, Baltimore, Maryland 21202 is the law firm that receives payment for services requested by and provided to Defendant Public Storage as enumerated herein.

### Related Non-Parties

23. There are no related Non-Parties.

### THE ENTERPRISES

24. During 2017 and up to the present time, Individual Defendants named herein have conspired individually and collectively, and then caused their owned or employer organization Public Storage to act in a manner that constituted an "enterprise" as that term is defined in Title 18, United States Code Section 1961 (4) which enterprise engaged in, and the activities of which affected, interstate and/ or foreign commerce.

25. Defendants Markwell and Clark conspired to use the physical facilities and financial assets of Public Storage to commit wire, mail, and bank fraud, to present intentionally fraudulent and misleading filings, motions, and other documentary material to Defendant and to the District and Circuit Courts of Maryland, Rockville, to unlawfully take possession of Defendant's personal property, and to enrich themselves by attempting to obtain judgment against Plaintiff as a result of their conspiracy to deny Plaintiff's full access to and use of his personal property.

26. Defendants Ronald L. Havner, Jr., John Reyes, Joseph D. Russell, Jr., David F. Doll, Lily Y. Hughes, and Candace N. Krol, conspired to use the physical facilities and financial assets of Public Storage to commit wire, mail, and bank fraud, by encouraging and facilitating Defendants Markwell and Clark in their initiatives to conspire as described in the preceding paragraph, and to suborn perjury and unlawful actions by Defendants Markwell and Clark of which they were or should have been fully aware, and to enrich

themselves as a result of their attempts to deny Plaintiff's full access to and use of his personal property.

27. All individual Defendants eventually conspired to commingle the physical facilities and financial assets of Public Storage, to act in concert to achieve the ends specified in paragraphs 24 to 26, above.

28. The common purpose of Defendants as a RICO enterprise was to provide Defendants with the financial, technological, documentary and professional means to enrich themselves or their clients, customers, and/ or suppliers at the expense of Plaintiff.

29. Defendants Ashley Voli and Lewis Brisbois LLP intentionally acted at the instruction of one or more of the Defendants to file documents on behalf of Public Storage when they knew or should have known that the claims contained in those filings were false, fraudulent and defamatory.

## COUNT ONE

### (Violations of 18 USC§ 1962 (c)

30. Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 8 and paragraphs 24 through 29 above as if set forth here in full.

31. 18 USC§ 1962 (c) proscribes the following conduct:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity...

32. The purpose of this provision was to prevent the infiltration of legitimate business (e.g. the practice of law, the activity of not-for-profit organizations, the operations of limited liability partnerships or family trusts, the conduct of business by commercial corporations) by organized criminals.

33. Pursuant to 18 USC§ 1964, any person injured in his business or property by

reason of a violation of 18 USC§ 1962 may recover threefold the actual damages, plus the costs of the suit including reasonable attorneys' fees.

34. From at least August, 2017 and continuing non-stop to the current time, the individual Defendants being members of, employed by, or associated directly or indirectly with Defendant Public Storage, willfully and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of Public Storage which enterprise engaged in, and the activities of which affected, interstate and/or foreign commerce through a pattern of racketeering activity, consisting of the acts of racketeering described in the paragraphs below, in violation of Title 18, United States Code Section 1962 (c).

### Racketeering Activity

35. As detailed below, the individual defendants, having infiltrated Public Storage by committing acts of bank fraud (18 USC 1344), mail fraud (18 USC§ 1341), and wire fraud (18 USC§ 1343), the individual Defendants also committed racketeering activities as defined by 18 USC§ 1961 (1).

36. The individual Defendants' acts of bank fraud, mail fraud, and wire fraud are racketeering activities and constitute predicate acts as defined under RICO.

### Pattern of Racketeering Activity

37. Defendants Markwell, Clark, Voli and Lewis Brisbois LLP agreed to and did conduct the affairs of Public Storage and/or representatives and/or employees of Public Storage through a pattern of racketeering activity, their conduct thus making Public Storage a criminal enterprise operating through a pattern of racketeering activity:

    a. by using the US mails and land line systems to defraud Plaintiff;

    b. by submitting false statements, documents, and other evidentiary material to Plaintiff and to the District and Circuit Courts of Maryland (Montgomery County) using the US

mails, land line systems, and mobile phone systems;

    c. by purposefully using the US mails and interstate banking and online services to collect various fees the payment of which entitled Plaintiff to certain services from Public Storage which Defendants Markwell and Clark intentionally withheld;

    d. by deliberately ignoring confirmation from their[1] own employer, Public Storage, that Plaintiff was not in violation of any terms of any agreement;

    e. by refusing to acknowledge confirmation from their employer that Plaintiff had properly paid for all services that Defendants Clark and Markwell were withholding;

    f. by intentionally using the US mails to misdirect documentation required by federal and state law to be provided to Plaintiff;

    g. by fraudulently gaining access to funds tendered by Plaintiff to Public Storage while withholding services to which Plaintiff was entitled by virtue of payments made to and through a chartered US financial institution as defined by 18 USC 1344 and acknowledged as such by Defendant Public Storage;

    h. by organizing and sanctioning the theft of Plaintiff's personal property and professional tools of the trade;

    i. by using the US mails, interstate land lines, mobile phone, and internet services to solicit from, receive, and conspire with others of the individual defendants named herein to create and distribute false evidence and statements presented to Plaintiff and filed with the District and Circuit Courts of Maryland for Montgomery County;

    j. by using the US mails and wire-based services including the internet and telephone to explicitly mislead and deceive Plaintiff;

---

[1] Defendants Clark and Markwell

8

  k. by making intentionally mendacious and libelous claims, assertions and statements in documents submitted to Plaintiff and made public through Defendants' own initiatives;

  l. by demanding payment of funds and fees, the non-payment of which would nominally result in a lien against Plaintiff's property, in the full knowledge that they had structured systems relying on their use of interstate banking, transaction, and technology systems that would prevent Plaintiff from making those payments; and

  m. by submitting incomplete and/or false documents asserting that one or more liens had been filed against property owned by Plaintiff and failing to properly notify Plaintiff of these purported liens, in an attempt by Defendants to illegally gain control of Plaintiff's property.

  38. The mail fraud and wire fraud committed by Defendants form a pattern of racketeering activity through a criminal enterprise under 18 U.S.C. § 1961(5).

  39. All racketeering activity described above in paragraph 37 is directly related to and has been explicitly performed with the active knowledge of, and at the express instruction by, the racketeering enterprise Public Storage.

  40. The Defendants Havner, Reyes, Russell, Doll, Hughes, and Krol were able to commit the racketeering activities by virtue of their position in, association with, or involvement in or control over the affairs of Public Storage.

  41. As they affected Plaintiff, the Defendants' racketeering activities began in 2017 and the pattern of racketeering activity is open-ended. Defendant Markwell explicitly confirmed at a February 14, 2018 Montgomery County District Court hearing that in fact, Defendant Public Storage follows the same practices country-wide throughout the United States in a manner that presents the same risk of victimization to every Public Storage

customer as that suffered by Plaintiff as a result of Defendants' racketeering activities.

42. Given Defendant Markwell's acknowledgement of these racketeering activities by Public Storage as a matter of Public Storage common practice, it is virtually certain that Defendants Havner, Jr., Reyes, Russell, Jr., Doll, Hughes, Krol, Voli and Lewis Brisbois not only knew that these racketeering activities were taking place but were actively involved in fostering them, not only as they affected Plaintiff but also as they will have affected other Public Storage customers throughout the United States and perhaps Canada. The eventual discovery phase that would normally flow in a dispute such as this matter is likely to confirm not only the breadth and depth of Defendants' racketeering activities but also the actual names and addresses of people who have been victimized as a result of Defendants' racketeering activities.

43. Defendants Havner's, Reyes', Russell's, Doll's, Hughes', Krol's, Clark's and Markwell's racketeering activities constitute their regular way of doing business, as explicitly confirmed by Defendant Markwell at the aforementioned February 14th District Court hearing.

44. Were it not for Defendants' separate and collective racketeering activities, Plaintiff would have been able to continue in his full and unfettered enjoyment of the use of his property, earn income, and avoid payment of legal and other fees to cover the costs of these and other legal proceedings initiated and/or facilitated by Defendants.

45. As a result of Defendants' activities described herein, Plaintiff was damaged in an amount not less than eight hundred fifty-five thousand dollars ($855,000) but not yet fully ascertained.

## COUNT TWO

### (Violations of 18 USC §1962 (a))

46. Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 8, paragraphs 24 through 29, and paragraphs 34 through 45 above as if set forth here in full.

47. 18 USC§ 1962 (a) proscribes the following conduct:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

48. Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U. S. C. § 1962 may recover threefold the actual damages, plus the costs of the suit, including reasonable attorney's fees.

49. From mid-year 2017 onward, and taking into account that Defendants have asserted that they have taken possession of and kept or otherwise disposed of Plaintiff's personal property, the individual defendants have received income derived, directly or indirectly, from a pattern of racketeering activity, consisting of the acts of racketeering described in paragraphs 1 through 8, paragraphs 24 through 29, and paragraphs 34 through 45 above, and unlawfully, willfully and knowingly used or invested, directly or indirectly, part of such income, or the proceeds of such income, in the acquisition of an interest in and/or the establishment or operation of Public Storage which enterprises engaged in and the activities of which affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1962(a).

50. Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U. S. C. § 1962 may recover threefold the actual

damages, plus the costs of the suit, including reasonable attorneys' fees.

## COUNT THREE

### (Violations of 18 U.S.C. § 1962(b)

51. Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 8, paragraphs 24 through 29, paragraphs 34 through 45, and paragraph 49 above as if set forth here in full.

52. 18 U.S.C. § 1962(b) proscribes the following conduct:

It shall be unlawful for any person through a pattern of racketeering activity to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

53. Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U. S. C. § 1962 (b) may recover threefold the actual damages, plus the costs of the suit, including reasonable attorneys' fees.

54. From mid-August 2017 onwards, the individual defendants unlawfully, willfully and knowingly acquired and/ or maintained, directly and indirectly, an interest in and control of the Public Storage enterprises engaged in and the activities of which affected interstate and foreign commerce, through a pattern of racketeering activity, consisting of the acts of racketeering described in paragraphs 1 through 8, paragraphs 24 through 29, paragraphs 34 through 45, and paragraph 49 above, in violation of Title 18, United States Code, Section 1962 (b).

## CONCLUSION

The conduct by Defendant Public Storage, Defendant Lewis Brisbois and the individual Defendants named herein make all Defendants improper recipients of fees for and/or judgment awards and/or settlement amounts from Plaintiff for the handling and/or settlement of the matters involved in this complaint, require that they disgorge any such fees

and awards improperly received, and that those funds be repaid to Plaintiff along with the return to Plaintiff of all of Plaintiff's property illegally seized by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. awarding to the Plaintiff treble damages as a result of Defendants' violations of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.;

b. awarding to the Plaintiff damages as a result of Defendants' defamation and libel;

c. awarding to the Plaintiff prejudgment and post-judgment interest at the lawful rate;

d. awarding to Plaintiff the costs and disbursements of this action, including reasonable attorneys fees, and

e. for any other and further relief this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.


July 10, 2018 Washington DC,

Respectfully submitted by

_____
Clifford Brody
*pro se*

3715 Brandywine Street NW
Washington, D.C. 20016
202.213.3076
clbrody@clbrody.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Initial Complaint – RICO with the Clerk of the Court for the United States District Court for the District Of Columbia on July 10, 2018.

Paper copies of this Complaint are being sent on the same day by email and by overnight USPS Priority Express Next Day Delivery – Certified Mail to the following person who has explicitly asserted to Plaintiff that she and only she be notified by Plaintiff in any matter involving the Defendants named herein:

        Ashley Voli, Esquire
        Lewis Brisbois LLP
        400 E Pratt Street, 8th Floor
        Baltimore, Maryland 21202

_____
Clifford Brody, Plaintiff
*pro se*